INHABITANTS OF GLOUCESTER *vs.* COUNTY COMMISSIONERS OF ESSEX.

Essex.   January 28. — 29, 1875.   AMES & ENDICOTT, JJ., absent.

A board of county commissioners has the same power as any court to amend its records according to the truth, upon such evidence as the board in its discretion may deem sufficient.

PETITION for a writ of *certiorari* to quash the proceedings of the county commissioners in the laying out of a town way in Gloucester.

The petition averred that in October, 1870, an application was made, upon the petition of Amos Story and others, to the selectmen of Gloucester, representing that the way from Cripple Cove, so called, to the house of Benjamin S. Brazier in East Gloucester, was narrow, crooked, indirect and inconvenient, and requesting the selectmen to widen and straighten it for a portion of the said way, and to lay out a new and more direct way for the other portion; that the selectmen, after a hearing, refused to widen and lay out the town way, or to grant the prayer of the petitioners; that the petitioners thereupon in December, 1870, applied to the county commissioners for the county of Essex, representing and requesting the same as in the petition to the selectmen aforesaid; that the county commissioners, after a hearing upon the application to them, laid out, widened and straightened the way according to the prayer of the petition; and ordered the same to be

done, built and constructed by the inhabitants of Gloucester ; that the laying out and widening, and the record thereof, are indefinite and uncertain, so that the meaning and intent thereof are not intelligible enough to guide and determine the action of the petitioners ; that although it was alleged in the application to the county commissioners that the selectmen unreasonably refused and neglected to widen, straighten and lay out the said way as requested in the petition to the selectmen, yet the commissioners have not made any adjudication upon that point ; the said commissioners did adjudge " that the common convenience required that the prayer of said petitioners should be granted," but they did not and have not adjudged, and their records show no adjudication by them, that the selectmen had unreasonably neglected and refused to widen and lay out such town way when requested so to do.

The answer alleged that the matters relating to the application made by Amos Story and others to the selectmen of Gloucester, and the action of the selectmen thereon, were substantially as set forth in the petition ; that application was made to the commissioners as set forth in the petition, and that after a full hearing upon the application, they ordered the way to be built and constructed by the inhabitants, as appeared by the record thereof ; but denied that the laying out, or widening of said way, or the record is not sufficient to guide and determine the action of the inhabitants ; that they did in fact adjudicate that the selectmen did unreasonably refuse and neglect to widen, straighten and lay out the way as requested by Story and others, and if the record did not sufficiently set forth that fact, the respondents respectfully asked that they might be permitted to amend the record, so that the same should distinctly and clearly appear ; that it was the design and intention of the commissioners to have that fact appear by their record, and that it was a mistake on their part in making up their record that it does not more fully appear ; that great wrong and injustice will be done if they are not allowed to amend their record as prayed for ; that neither the said inhabitants, nor the city of Gloucester, their successors, would suffer any loss or inconvenience by having the record so amended ; that there are not any informalities or illegalities apparent on the said record, or otherwise, except that their record may not make it

clearly appear that they did adjudge that the selectmen unreasonably refused and neglected to grant the prayer of the petition of said Story and others.

By a supplemental answer, the respondents further stated that on April 30, 1874, they caused the record complained of to be amended, so as to show clearly the fact that they did adjudge that the selectmen of Gloucester had unreasonably neglected and refused to grant the prayer of the petition of Amos A. Story and others to them, and that the record was amended by adding, after the words " the common convenience requires that the prayer of the said petitioners should be granted," the following words, " and we also adjudge that the said selectmen did unreasonably neglect and refuse to grant the prayer of the said petition ; " that since the original record was made, one of the then board, namely, Jackson B. Swett, has retired from the board, his term of office having expired, and Zachariah Graves was elected and is now a member of the board as his successor ; that the amendment has been made from recollection, and not from any minute made by the commissioners.

The case was reserved by *Colt*, J., upon the petition, answer and supplemental answer for the consideration of the full court, upon the question, whether by their records and the facts recited in the answers the commissioners had power to lay out the road in question, the petitioner insisting that they had no right to amend their record.

*J. C. Perkins*, for the petitioner.

*C. P. Thompson*, for the respondents.

GRAY, C. J. The board of county commissioners has the same power as any court to amend its records according to the truth, upon such evidence, documentary or oral, or recollections of any of its present members who took part in the original decision, as the board in its discretion may deem sufficient. *Balch* v. *Shaw*, 7 Cush. 282. *Ellis* v. *County Commissioners*, 2 Gray, 370. *Andover* v. *County Commissioners*, 5 Gray, 393. *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. .

*Petition dismissed.*