MARY LITTLEFIELD, by guardian, *vs.* BOSTON & MAINE RAILROAD COMPANY.

.York, 1875.—November 20, 1875.

*County Commissioners. Amendment.*

County Commissioners have no right to amend their record on a petition for land damages by inserting therein, as parties, names not embraced in the petition.

ON EXCEPTIONS.

DEBT on a judgment of the county commissioners awarding damages to plaintiff for land taken for defendants' railroad. After the commencement of the plaintiff's action, the county commissioners undertook to amend their record, which first awarded damages to the plaintiff alone for land of the homestead of the late Daniel Littlefield, jr., taken by the defendants, by inserting the names of Nancy A. York and of her husband George H. York who were the owners in fee after the life estate of the plaintiff expired, awarding to the three the same amount of damages first awarded

to the plaintiff alone, $350. At the trial at the January term, 1875, after the plaintiff had made out a *prima facie* case, the defendants offered a paper from the files of this court entitled the complaint of *Mary Littlefield* v. *Boston & Maine Railroad,* on an appeal from an award made by said commissioners at their April, 1874, session, and also a copy of the amended record which were admitted subject to the plaintiff's objection. The presiding justice ruled *pro forma* that the plaintiff was not entitled to maintain her suit and she excepted.

*S. W. Luques,* for the plaintiff.

*G. C. Yeaton,* for the defendants.

APPLETON, C. J. This is an action of debt on a judgment of the court of county commissioners of York county.

To sustain the action, the plaintiff offered in testimony a copy of a petition of the defendants for the assessment of damages on the land of the plaintiff and others, to the court of county commissioners for York county, and their judgment thereon rendered at the October term, 1873, in favor of the plaintiff, and a copy of the notice from said court of their award of damages duly served on her, December 9, 1873. The plaintiff upon this proof brings her case within R. S., c. 51, § 8.

To obviate the effect of the evidence introduced, the defendants offer a copy of the proceedings of the county commissioners which they claim to be an amendment of the record of their judgment rendered at their October term, 1873, these proceedings being after the commencement of this suit and after the right to appeal had ceased to exist by lapse of time.

By the record as claimed to be amended, the damages originally estimated as a just compensation for Mary Littlefield, are awarded to Mary Littlefield, George York and wife, as owners or heirs of all which the said railroad takes of the said Littlefield estate, the amount of damages being the same as in the estimate of October, 1873.

By R. S., c. 51, § 6, in certain cases where real estate has been taken by a railroad corporation, "the owners are entitled to dam-

ages, to be paid by the corporation and estimated by the county commissioners, on a written application of either party, made within three years after filing the location," &c.

In pursuance of this section the defendants made a written application to the county commissioners to estimate the damages done to various land owners, among whom is found the name of this plaintiff, but the names of George H. York and Nancy A. York, his wife, are not found in the application.

There must be a written application either by the land owners, whose land is damaged, or by the railroad corporation to the county commissioners, to give them jurisdiction. *Waldo* v. *Moore,* 33 Maine, 511. The written application of the defendants contains only the name of Mary Littlefield. It does not contain the names of George H. York and Nancy A. York. The record fails to show that they are parties to these proceedings, or that they have made written application to have their damages assessed. The defendants might have inserted their names by way of amendment, but they did not see fit to do it. *Grand Junction R. R. & Depot Co.* v. *Co. Commissioners,* 14 Gray, 553. The case fails to show any written application whatever, containing their names. It fails to show any jurisdiction of the court to estimate the damages they may have sustained.

The authority of the court to amend its records is unquestioned. *Inhabitants of Limerick,* petitioners, 18 Maine, 183. *Gloucester* v. *Co. Com'rs of Essex Co.,* 116 Mass., 579. But to amend, it must have jurisdiction. York and wife not being legally before the court, the court could not estimate their damages. The amended record, therefore, cannot be sustained.

The plaintiff has lost no right by her complaint joined with York and wife against the proceedings of the county commissioners at April term, 1874. The written application upon which their proceedings could be legitimately based, included only her name, and she could not with others appeal from proceedings in which such others were not parties. If the judgment is to be regarded as of October term, 1873, then the right to appeal had long before ceased to exist.    *Exceptions sustained.*

WALTON, BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.