ABRAHAM LEWIS *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Suffolk.    December 6, 1900. — February 27, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

A provision in a life insurance policy, that upon proof of death of the insured the company may pay the amount due under the policy to any relative by blood or connection by marriage of the insured or to any other person appearing to be equitably entitled to such payment by reason of having incurred expense on behalf of the insured or for his or her burial, does not enable a person of one of the classes described to sue on the policy, and such suit can only be maintained by the executor or administrator of the insured.

Payment of the premiums on the life insurance policy of another gives the person so paying them no interest in the policy, as the payments are presumed to have been made in behalf of the insured.

CONTRACT on a life insurance policy brought by the son of the insured alleged to have supported her and paid her funeral expenses and to have paid all the premiums on the policy.    Writ dated April 11, 1899.

At the trial in the Superior Court, before *Bishop,* J.; the plaintiff offered in evidence a life insurance policy issued by the defendant on the life of one Esther Lewis, dated November 28, 1898, and proofs of the death of an Esther Lewis.    The defendant admitted that the proofs of death were in due form, but denied that they related to the person insured.

Th policy was an endowment policy providing for the payment of $320 when the insured should have passed the age of seventy-nine years, and containing the following provision in case the

insured should die before reaching that age : " And [the company] doth further agree, subject to the conditions aforesaid, if the insured shall die prior to the date of the maturity of the endowment, to pay, upon receipt of proofs of the death of the insured made in the manner, to the extent, and upon the blanks required herein, and upon surrender of this policy and all receipt books, the amount stipulated in the schedule below.    Provided, however, that no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health.

" In case of such prior death of the insured, the company may pay the amount due under this policy to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial ; and the production of a receipt signed by either of said persons shall be conclusive evidence that all claims under this policy have been satisfied."

The plaintiff, Abraham Lewis, testified that he was the son of the Esther Lewis described in the proofs of death ; that he had supported her for several years before her death and had paid her funeral expenses ; that she died March 3, 1899, on the date stated in the proofs of death, and that he notified the company almost immediately after of her death, and was furnished blanks by them on which the proofs of death were made ; that they never found any fault with these proofs ; that the policy was in the possession of his mother, described as Esther Lewis ; that he himself paid the premiums between the time of the issuing of the policy and the death, and that no premiums were in arrears, and that the first time that he knew that the company took the ground that a different person than the said Esther had impersonated the said Esther, and that the policy had thereby been fraudulently issued, was about four weeks after the death of the said Esther, for he always supposed that the policy was issued on his mother's life.

The judge directed a verdict for the defendant ; and the plaintiff alleged exceptions.

*E. H. Savary*, for the plaintiff.

*G. W. Cox*, for the defendant.

LORING, J. The plaintiff had no rights under the policy sued on by him. The insured was his mother, Esther Lewis. The promise sought to be enforced in this action was a promise "to pay . . . the amount stipulated in the schedule below," without naming any one as the person to whom the payment was to be made. Under the clause authorizing the company to pay this sum to "any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial," a payment to the plaintiff might perhaps have been a discharge of the contract, *Metropolitan Ins. Co.* v. *Schaffer*, 21 Vroom, 72, but that clause does not entitle one to whom such a payment might have been made, but who is not named as the beneficiary of the policy, or otherwise designated as the person who is to receive the sum to be paid, to enforce payment of the sum due under it. Such a suit can be maintained only by the executor or administrator of the insured with whom the contract was made. *McCarthy* v. *Metropolitan Ins. Co.* 162 Mass. 254. Neither does the fact, testified to by the plaintiff, that he "paid the premiums between the time of the issue of the policy and the death" give the plaintiff a right to sue for the amount to be paid; the premiums being paid under the policy are in legal contemplation paid by the insured. *Swan* v. *Snow*, 11 Allen, 224, 226. *Millard* v. *Brayton*, 177 Mass. 533.

*Exceptions overruled.*