PROVIDENCE COUNTY SAVINGS BANK *vs.* EMANUEL VADNAIS.

PROVIDENCE—APRIL 15, 1904.

PRESENT: Stiness, C. J., and Douglas, J.

(1) *Insurance. Beneficiaries. Garnishment.*

A policy of insurance named X. as the beneficiary, but contained this provision: "The production by the company of this policy and of a receipt for the sum assured, signed by any person furnishing proof satisfactory to the company that he or she is an executor or administrator, husband or wife, or relative by blood or lawful beneficiary of the insured shall be conclusive evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company under this policy have been satisfied:"—

*Held,* that this provision gave the company a choice between the several representatives of the assured, which of them it should pay, and no one of them had an attachable interest in the fund.

(2) *Probate Law. Executors and Administrators. Husband and Wife. Garnishment. Insurance.*

While a husband has the right to administer upon the estate of his wife and to take to himself the surplus, under Gen. Laws cap. 212, § 9, a chose in action due the estate accrues to him as administrator and can not be trusteed as a debt due to him in his personal capacity.

ASSUMPSIT. Heard on petition of plaintiff for a new trial, and denied.

(1)    DOUGLAS, J. The plaintiff in this case served a copy of its writ upon the Insurance Commissioner of Rhode Island, for the purpose of attaching the amounts due from the Metropolitan Life Insurance Company of New York upon two policies of insurance upon the life of James Fournier. In the applications for these policies Basilise Vadnais, daughter of James Fournier, and wife of the defendant Emanuel Vadnais, was named as beneficiary. Mrs. Vadnais had died before her father, and the defendant had qualified as her administrator. The court refused to charge the insurance company as garnishee, and the plaintiff now contends that this was error.

The claim of the plaintiff is that, upon the death of the insured, the contents of the policies became immediately

payable to the defendant as the surviving husband of the beneficiary, and hence were attachable for his debt. This claim is not supported either by the contract which is contained in the policies or by the relation of the defendant to his wife's estate.

The insurance company's contract is to pay the amount that may become due under the policy, "to the person or persons designated in condition fifth." This condition reads as follows:

"Fifth. The production by the company of this policy and of a receipt for the sum assured, signed by any person furnishing proof satisfactory to the company that he or she is an executor or administrator, husband or wife, or relative by blood, or lawful beneficiary of the insured, shall be conclusive evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company under this policy have been satisfied."

This contract does not give to either one of the persons named an exclusive right to sue for and recover the amount assured; since in any such suit the company could interpose the defense that it had paid some other of the persons named. The effect of the provision is to give to the company a choice between the several representatives of the assured, which of them it shall pay. No one of them, therefore, has an attachable interest in the fund.

The provision in the policy issued by the same company, which was considered by the Supreme Court of Kansas in *Metropolitan Insurance Company* v. *O'Farrell*, 64 Kansas, 278, differs in language, but we think not in meaning, from the clause quoted above. In that case the beneficiary named was "the estate" of the insured. The policy was paid to the husband of the deceased, and the court held, against the contention of the administrator of the estate, that the payment was a good fulfillment of the contract.

The plaintiff's counsel argues that if this ruling is correct it would never be possible to trustee the proceeds of such a policy. This is probably one of the reasons why the policy

was so framed. The fund, which is the accumulation of small savings, is primarily designed as a resource for the payment of expenses of care in sickness and burial, and the company reserves the right to intrust it to the hands of those of the representatives of the deceased who will be most competent to appropriate it to such uses. It would be contrary to the purpose of the whole transaction if it could be taken by creditors of one of the family as his own property.

(2)    But if the policy had been payable to Basilise Vadnais alone, the claim would have accrued to her administrator as such, and could not have been trusteed as a debt due to him in his personal capacity.

The statute gives him the right to administer upon her intestate estate and to take to himself the surplus, after the payment of her debts, Gen. Laws cap. 212, § 9; but to recover her choses in action he would be obliged to sue as admnistrator, as was done in *Weaver* v. *Chace*, 5 R. I. 356. Until the estate has been reduced to possession by the administrator there could be no surplus which he could call his own.

The husband has no different rights as to the surplus of his wife's estate from those of a residuary legatee in a will to the residue of the testator's estate, and such an interest can not be attached in Rhode Island, *Conway* v. *Armington*, 11 R. I. 116; *Gorman* v. *Stillman*, 24 R. I. 264, 269. Still less could a debt due the estate of a deceased person be attached in a suit against a residuary legatee.

The court, therefore, was right in refusing to charge the garnishee.

The petition for a new trial is denied, and the case will be remitted to the Common Pleas Division for further proceedings.

*John A. Tillinghast*, for plaintiff.
*Thomas F. Vance*, for defendant.
*Adoniram J. Cushing*, for garnishee.