GIUSEPPE MARZULLI v. METROPOLITAN LIFE INSURANCE COMPANY.

Submitted December 3, 1909—Decided February 21, 1910.

A life insurance policy in which no beneficiary is named, provided that the company might pay the amount due thereunder to any relative by blood or connection by marriage of the insured, or to any person appearing to the company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial. *Held*, that one who had paid the premiums on the policy and had paid the funeral expenses of the insured was not by reason of those facts entitled to maintain an action on the policy.

---

On appeal from First District Court of Newark.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the plaintiff and respondent, *Anthony R. Finelli.*

For the defendant and appellant, *Conover English.*

The opinion of the court was delivered by

SWAYZE, J.   The plaintiff sues upon a policy of insurance upon the life of Rissolo.   The policy was taken out by the plaintiff and he paid the premiums.   After the death of the insured he paid the funeral expenses and presented proofs of death and made claim for the insurance.   No beneficiary is named in the policy.   The plaintiff was not related by blood to the insured and the only connection by marriage was that his wife was a sister of the wife of the deceased.   It is apparent, therefore, that his only claim must rest upon what is called the "facility of payment" clause in the policy.   The clause in question permits the company to pay the amount due either to the beneficiary named in the policy or to any relative by blood or connection by marriage of the insured, or to any other person appearing to the company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial.   No doubt, under this clause the company might have made the payment to the plaintiff, which would have discharged its liability, but the question presented in this case is whether the plaintiff has a legal right to enforce such payment.   We think it clear that he has not.   By the terms of this clause of the policy an option is given the company to pay to any one of the persons having the qualifications named in the clause.   This option of itself necessarily excludes any right on the part of the plaintiff to enforce payment.   The case differs from such cases as *Hillyard* v. *Mutual Benefit Life Insurance Co.*, 6 *Vroom* 415; *Connecticut Mutual Life Insurance Co.* v. *Luchs*, 108 *U. S.* 498, in which cases the plaintiff was held to be substantially the beneficiary contemplated by the policy.   In this case no beneficiary is named, and the fact that the payments of pre-

mium were made by the plaintiff imposes no liability upon the company to him, whatever rights it may give the plaintiff, if any, to recover of the estate of the deceased, for the payments were, in contemplation of the law, made by the deceased. The case of *Lewis* v. *Metropolitan Life Insurance Co.*, 178 *Mass.* 52, involves this precise clause, and is a decision by a court of high repute. The case of the *Prudential Insurance Co.* v. *Godfrey*, 72 *Atl. Rep.* 456, sustains the same view, in an elaborate opinion by Vice Chancellor Walker.

It is unnecessary to consider the other questions raised in the case. Upon the facts as stated, the judgment should have been rendered for the defendant. The judgment must therefore be reversed and the record remitted for a new trial.