MARY M. MANNING, Respondent, v. PRUDENTIAL INSURANCE CO., Appellant.

St. Louis Court of Appeals. Opinion Filed July 11, 1919.

1. **INSURANCE:** Life Insurance: False Representations by Insured: Tuberculosis: Evidence: Question for the Jury. In an action on a life insurance policy, where insured died of pulmonary tuberculosis, and there was abundant evidence tending to show that he was afflicted therewith at the time of the issuance of the policy and that statements in his application in regard thereto were false, but there was rebutting and contradictory evidence, the entire matter was a question for the jury.

2. **TRIAL PRACTICE:** Harmless Error: Evidence: Health Records. In an action on a life insurance policy defended on the ground of false representations as to tuberculosis, refusal to admit in evidence certain records of city health department relating thereto was not prejudicial or reversible error, where the court permitted a witness to testify from these records and to state fully in the presence of the jury the alleged facts recorded therein.

3. **INSURANCE:** Life Insurance: Policy: Beneficiary: Facility of Payment Agreement: Optional with Insurer. Where, by the terms of a life insurance policy, defendant agreed to pay only the executor or administrator of the insured, though reserving the right or option to pay any one falling within the provisions of the facility of payment clause permitting insurer to pay any relative or person appearing to insurer to be equitably entitled thereto by reason of expense incurred on behalf of insured, *held* such clause operates merely to give the insurance company the option to pay the amount of insurance to any one coming within that class of persons there described, and that it does not, of itself, give to any such person a right of action on the policy, so that insured's sister, who paid the premiums and contributed to the funeral expenses, could not maintain an action on the policy.

4. ———: ———: **Furnishing Blanks for Proof of Death: Waiver of
Defense.** By accepting proofs of death filed by plaintiff, insured's
sister, defendant did not waive its right to defend upon the ground
that the insured was afflicted with tuberculosis at the time of
the issuance of the policy, etc., or to insist that only the execu-
tor or administrator of insured could maintain the action;   and
defendant was not estopped thereby to make such defense.

Appeal from the Circuit Court of the City of St. Louis.
*Hon. Leo. S. Rassieur*, Judge.

REVERSED AND REMANDED. (*with directions*).

*Fordyce, Holliday & White*, for appellant.

(1) The court erred in admitting in evidence the
policy in suit and in overruling the demurred to the
evidence offered at the clise of plaintiff's case and at
the close of the whole case, for the policy was payable
only to the executors or administrators of the insured
and the plaintiff had not qualified as such and was
not entitled to sue. Floyd v. Prudential Ins. Co., 72
Mo. App. 455; Braley v. Prudential Ins. Co., 187 Mass.
226; Prudential Ins. Co. v. Godfrey, 75 N. J. Eq. 484;
Nolan v. Prudential Ins. Co., 123 N. Y. Supp. 688;
Bank v. Vadnais, 26 R. I. 122; Ferretti v. Prudential
Ins. Co., 97 N. Y. Supp. 1007; Heubner v. Metropolitan
Life, 146 Ill. App. 282; Lewis v. Metropolitan Life,
178 Mass. 52; Marsulli v. Metropolitan Life, 79 N. J.
Law 271. (2) The court erred in refusing to admit in
evidence the public records of the Health Department
of the City of St. Louis. Reynolds v. Prudential Ins.
Co., 88 Mo. App. 679. (3) The court erred in refusing to
nonsuit the plaintiff or direct a verdict for defendant
as the evidence conclusively showed the insured was
suffering from consumption at the time he applied for
the policy and knew it and that this disease caused
his death. Stephens v. Metropolitan Life Ins. Co., 190
Mo. App. 673.

*Jno. B. Dempsey* for respondent.

(1) The appellate courts do not weigh evidence; that is the province of the jury, subject to the overseeing control of the trial judge, and the defense of misrepresentation was properly for the jury. Roeschell v. Insurance Co., 176 Mo. App. 591; Cascarella v. Insurance Co., 175 Mo. App. 136; Brush v. Insurance Co., 194 Mo. App. 529. (2) The insurer, under the facility of payment clause, is enabled to protect itself, even against the claim of a named beneficiary, by a payment to some person within the classes designated, but there must be such payment or some demand accepted by the insurer for payment. Wilkinson v. Life Ins. Co., 64 Mo. App. 404; Wilkinson v. Life Ins. Co. 64 Mo. App. 172; Renfro v. Insurance Co., 148 Mo. App. 270; Western & Southern Ins. Co. v. Garvin, 24 Ky. L. R. 444, 68 S. W. 655. (3) The insurer exercises its right of selection when it furnishes blanks for proof of death and subjects a claimant who is within the designated classes to the expense of making proofs of death. Andrews v. Insurance Ass'n. 168 Mo. 151, 166, par. 4; Sherlock v. Ins. Co., 193 Mo. App. 430 (see cases cited, 437). (4) The refusal of the insurer to pay based upon an express ground in a waiver of the defense of incapacity to sue offered against a plaintiff within the classes designated in the facility of payment clause in the contract of insurance. Sherlock · v. Insurance Co., *supra,* (5) There was no error in refusing to admit in evidence the records of the St. Louis Health Department, which is a part of the Hospital Department of the City of St. Louis · (see Abs., p. 55). Smart v. Kansas City, 208 Mo. 162. (6) The refusal to permit defendant to read in evidence the records of the Hospital Department of the City of St. Louis, even if erroneous, was not material error, for the defendant was permitted, over plaintiff's objection and exception to prove every fact which those

records disclosed by witness Julius Lehman (see Abs., pp. 60-67). R. S. 1909, sec. 2082. (7) The judgment should be affirmed, with 10 per cent damages, especially in view of the fact that the trial jury allowed neither damages nor attorney's fees. Troll v. Insurance Co., 172 Mo. App. 12 (p. 18).

ALLEN, J.—This is an action, instituted before a justice of the peace, on a policy of life insurance is-- sued by defendant insuring the life of Jesse Manning, a brother of the plaintiff. The contract of insurance is what is termed an "industrial policy," whereby, in consideration of a weekly premium of fifteen cents, the defendant agreed to pay the sum of $288 upon the death of the insured (or one-half that amount if the insured died within six months after the issuance of the policy") to the executors or administrators of the in- sured, unless payment were made under the provisions of the so-called "facility of payment" clause in the policy, which is as follows:

"It is understood and agreed that the said com- pany may make any payment or grant any non-forfei- ture privilege provided for in this policy to any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred ex- penses on behalf of the insured, for his or her burial, or, if the insured be more than fifteen years of age at the date of this policy, for any other purpose, and the production by the company of a receipt signed by any or either of said persons or of other sufficient proof of such payment or grant of such privilege to any or either of them shall be conclusive evidence that such pay- ment or privilege has been made or granted to the per- son or persons entitled thereto, and that all claims under this policy have been fully satisfied."

The insured died on November 27, 1914, within six months after the issuance of the policy; and the suit proceeds for the recovery of $144 and interest, and

for ten per cent damages and an attorney's fee as for vexatious refusal on defendant's part to pay the insurance.

Plaintiff prevailed before the justice of the peace, and upon defendant's appeal to the circuit court, and a trial there *de novo,* before the court and a jury, there was a verdict and judgment for plaintiff for $144 and interest (without damages or attorney's fee for vexatious refusal to pay), and defendant prosecutes the appeal.

The defendant filed no answer, but its defenses were that only the executor or administrator of the insured could maintain an action on the policy; that the insured was not in sound health at the time of the issuance of the policy, but was suffering from the disease which subsequently caused his death, by reason whereof the policy by its terms was void; and that the policy was procured by the insured by misrepresentations in his application therefor.

The defenses of misrepresentation, and that the insured was at the date of the issuance of the policy suffering from the disease from which he subsequently died, may be briefly disposed of. It appears that the insured died of consumption, or pulmonary tuberculosis. And there is abundant evidence tending to show that he was afflicted therewith at the time of the issuance of the policy and that statements in his application in regard thereto were false; but, on the other hand, there is evidence in plaintiff's behalf tending to rebut and contradict this, such as to make this entire matter a question for the jury. [See Bruck v. John Hancock Ins. Co., 194 Mo. App. 529, and cases there cited, 185 S. W. 753.]

Error is assigned to the refusal of the court to admit in evidence, over the plaintiff's objections, certain records of the Health Department of the City of St. Louis; this ruling being predicated upon the decision of our Supreme Court in Smart v. Kansas City, 208 Mo. 162, 105 S. W. 709. As to this it is only neces-

sary to say that since the court permitted a witness to testify from these records, and to state fully in the presence of the jury the alleged facts recorded therein, the exclusion of the records themselves could not, in any event, be prejudicial or reversible error.

The chief point pressed upon us is that by the terms of the policy defendant agreed to pay only the executor or administrator of the insured, though reserving the rights or option to pay anyone falling within the provisions of the "facility of payment" clause; and that the policy vested in plaintiff no right of action whatsoever.

As said, plaintiff is a sister of the deceased. The latter left surviving him a widow, father, mother and two sisters. It appears that the insured applied for the policy at the suggestion of this plaintiff. She testified that she suggested to him that if he wanted to take out any insurance to do so through one Lehr, a collector for defendant who came to plaintiff's home every week; and that thereafter, at plaintiffs instance, Lehr came to her one evening, met the insured there and procured his application for the policy. Plaintiff says that she took no further part in the matter, but was "in and out of the room" while the agent and the insured were together. According to plaintiff's testimony the insured paid the first weekly premium on the policy and plaintiff paid all of the subsequent premiums. According to Lehr's testimony plaintiff paid all of the premiums. It appears that plaintiff contributed $50 to the funeral expenses which were otherwise borne by plaintiff's mother.

Shortly after the death of the insured plaintiff filed with the defendant company proofs of death. They appear to have been filed upon forms prepared by the company, and consisted of a "synopsis of the claim department examination," the claimant's certificate, a certificate or identity of the claimant, the undertaker's certificate, and the certificate of the attending physician. In the claimant's certificate plaintiff stated that her

9—Mo. App.

mother paid "the burial expenses," and that plaintiff paid the premiums upon the policy.

In the statement filed before the justice of the peace, and upon which the case was tried in the circuit court, plaintiff alleged that defendant, by its said policy of insurance, promised to pay "to the plaintiff" the sum of $144 in the event of the death of the insured within six months from July 27, 1914. At the trial defendant's counsel objected to the introduction of the policy in evidence upon the ground that it appeared upon its face that the insurance was payable only to the executors or administrators of the insured, which objection was overruled. And a like objection was unsuccessfully interposed to the introduction in evidence of the proofs of death. At the close of plaintiff's case, and again at the close of all the evidence, the defendant prayed the court to peremptorily direct a verdict for the defendant, which the court refused to do.

Though reluctant so to do, we are of the opinion that we must hold that the policy in suit vests in plaintiff no right of action against the defendant; that only the executor or administrator of the insured can maintain the action. By the terms of the contract defendant agrees to pay the executors or administrators. And it seems quite clear that the "facility of payment," clause, supra, operates merely to give the insurance company the option to pay the amount of the insurance to anyone coming within the class of persons there described; and that it does not, of itself, give to any such person a right of action on the policy. So it has been frequently ruled in other jurisdictions in passing upon policies of this character. [See Nolan v. Insurance Co., 123, N. Y. Supp. 688; Ferretti v. Insurance Co., 97 N. Y. Supp. 1007; Lewis v. Metropolitan Ins. C., 178 Mass. 52; Prudential Ins. Co. v. Godfrey, 75 N. J. Eq. 484; Marzolli v. Metropolitan Ins. Co., 79 N. J. Law, 271; Heubner v. Metropolitan Ins. Co. 146 Ill. App. 282; Bradley v. Prudential Ins. Co., 187

Mass. 226; Providence County Savings Bank v. Vadnais, 26 R. I. 122; 14 R. C. L., p. 1426].

It appears that the question presented has not been directly passed upon in this state. In Floyd v. Prudential Ins. Co., 72 Mo. App. 455, l. c. 459, 460, it is said of a policy of this character that "the undertaking of the defendant is to pay the amount to the executor or administrator of each policy holder;" and that the company "reserves the right (later referred to as an "option") to pay the other persons coming within certain classes." And in this connection see Kelly v. Prudential Ins. Co., 148 Mo. App. 249, 127 S. W. 649.

In Renfro v. Insurance Co., 148 Mo. App. 258, 129 S. W. 444, and in Wallace v. Insurance Co., 174 Mo. App. 110, 157 S. W. 1028, special circumstances were present, by reason whereof it was held that the plaintiff was entitled to maintain an action upon the policy as though named as the beneficiary therein. In the case at bar no such special circumstances appear, from the facts in evidence, as shown above. The fact that plaintiff paid the premiums on the policy does not of itself give her the right to sue thereon (Lewis v. Metropolitan Ins. Co., supra); nor does the fact that she contributed to the payment of the funeral expenses.

It is argued, however, for plaintiff, respondent here, that by requiring plaintiff to file proofs of death, and thereafter denying liability upon the ground that the insured was afflicted with tuberculosis at the time of the issuance of the policy, defendant waived its right to insist upon the defense now asserted. This argument does not appear to us to be sound. All that appears in the evidence touching the matter of filing the proofs of death is that plaintiff filed such proofs, upon blanks which upon their face appear to have been prepared by the company. We do not see how it can be said that the defendant thereby waived its right to insist that only the executor or administrator of the insured can maintain the action, or that defendant is thereby es-

topped to make such defense. [See Feretti v. Prudential Ins. Co., supra.] It seems quite clear that defendant was entitled to accept these proofs of death without incurring liability to the party furnishing them; such party not being a beneficiary in the policy, and it being entirely optional with defendant whether or not, under the facts appearing in the "claimant's certificate" filed with these proofs, it would recognize her as the proper person to receive payment, if made at all without suit, under the "facility of payment" clause. And defendant's subsequent denial of liability—whatever effect it might have under other circumstances—could not operate to give this plaintiff a right of action on the policy.

It may be inferred that the insured left no other estate to be administered upon, and it is extremely unfortunate that the attitude of defendant necessitates the appointment of an administrator in order to prosecute an action on this policy; and that this small fund, if recovered, must be subject to the expense and delay incident upon administration. We are of the opinion, however, that defendant is within its legal rights in asserting this defense.

The judgment is consequently reversed, and the cause remanded, with directions to dismiss plaintiff's petition.

*Reynolds, P. J.,* and *Becker, J.,* concur.

## ON REHEARING.

ALLEN, J.—On January 7, 1919, an opinion was filed in this cause, with an order reversing the judgment and remanding the cause with directions to dismiss the petition of plaintiff, respondent here. Thereafter respondent's motion for a rehearing was sustained, and the cause has since been reargued and resubmitted. Upon a further consideration of the crucial question involved in the appeal we have been unable to reach any conclusion other than that expressed in our former opinion.

The opinion heretofore filed herein is consequently adopted and refiled as the court's opinion in the case; and the judgment is accordingly reversed and the cause remanded with directions to dismiss plaintiff's petition.

*Reynolds, P. J.,* and *Becker, J.,* concur.