AGNES WALTON, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals.   Opinion Filed June 7, 1921.

INSURANCE: Life Insurance: Beneficiary: Facility Payment Clause: Widow Has no Right of Action.   Where, by the terms of a life insurance policy, defendant specifically agreed to pay the sum stipulated therein to the executor or administrator of the insured, though reserving the right to pay anyone falling within the provisions of the facility payment clause permitting insurer to pay husband or wife, etc., *held* such clause operates merely to give insurer the option to pay the amount of the insurance to any one coming within the class of persons there described and that it does not, of itself, give to any such person a right of action on the policy, hence the widow of insured had no right of action, disapproving so much of the case of North v. National Life & Accident Insurance Co., 229 S. W. 298, as announces the contrary.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Franklin Ferriss,* Judge.

REVERSED AND REMANDED. (*with directions*).

*Fordyce, Holliday & White* for appellant.

(1)   As the policy provides by its terms that it was payable only to the executor or administrator of the insured and as the plaintiff admitted in her testimony that she had not quailfied as such, the court erred in admitting any evidence in this case and overruling the demurrer to the evidence offered at the close of plaintiff's case and at the close of the entire case, as the plaintiff was not qualified to maintain her suit. Manning v. Prudential Ins. Co., 213 S. W. 897; Floyd v. Prudential Ins. Co., 92 Mo. App. 455; Bradley v. Prudential Ins. Co., 187 Mass. 226; Prudential Ins. Co. v. Godfrey, 75 N. J. Eq. 484; Nolan v. Prudential Ins. Co., 123 N. Y. Supp. 688; Bank v. Vadnais, 26 R. I. 122; Ferretti v. Prudential Ins. Co., 97 N. Y.

Supp. 1007; Heubner v. Metropolitan Life, 146 Ill. App.
282; Lewis v. Metropolitan Life, 178 Mass. 52; Marsulli
v. Metropolitan Life, 79 N. J. Law 271. (2) Proofs
of death which are not contradicted or explained by
other evidence are prima-facie . evidence of the facts
therein stated and are conclusive against plaintiff as
admissions by her. Stephens v. Metropolitan Life Ins.
Co., 190 Mo. App. 673; Castens v. Sup. Lodge Knights
& Ladies of Honor, 190 Mo. App. 57; Ins. Co. v. Newton,
89 U. S. 32, 22 Wallace 32; 3 Elliott on Evidence,
sec. 3327; Hassencamp v. Life Ins. Co., 120 Fed. Rep.
475; Bruck v. Life Ins. Co., 194 Mo. App. 529; Hicks
v. Metropolitan Life Ins. Co., 196 Mo. App. 162; Packard
v. Metropolitan Life Ins. Co., 71 New Hampshire
Reports. (3) Demurrer to the evidence at the end of
plaintiff's case should have been sustained and verdict
directed for defendant, because: (a) The evidence
conclusively established the fact that at the time the
insured made application for the policy he was suffering
from diabetes, from which he afterwards died, and
(b) That on the date of the policy and at the time
when same was delivered the insured was not in sound
health as required by the provisions of the policy. See
authorities under Point 2. Plaintiff, by her own proofs
of death, furnished ample reason for defendant's re-
fusal to pay. There was no showing that defendant's
refusal to pay the proceeds of the policy sued upon
was willful or without reasonable cause as the facts
would have appeared to a reasonable and prudent man
at the trial, and under the circumstances the jury should
not have been allowed to award penalty and attorneys'
fees for vexatious refusal to pay. Weston v. American
Ins. Co., 191 Mo. App. 282; Patterson v. American Ins.
Co., 184 Mo. App. 44; Keller v. Insurance Company,
198 Mo. 460; Non-Royalty Shoe Co. v. Assurance Co.,
277 Mo. 422, 423; Berryman v. Southern Surety Co., 227
S. W. 96; Rogers v. Connecticut Insurance Co., 157 Mo.
App. 671; Renfro v. Insurance Company, 148 Mo. 258;
Blackwell v. Insurance Company, 80 Mo. App. 78.

*Hall & Dame* for respondent.

(1) A life insurance agent may waive a provision in the policy in reference to good health, especially an industrial life insurance agent. Jones v. Prudential Insurance Co., 173 Mo. App. 1; James v. Mutual Reserve Association, 148 Mo. 1; Madsen v. Prudential Insurance Co., 185 S. W. 1168; Hereford v. Mýstic Workers of the World, 200 Mo. App. 387; Fries v. Royal Neighbors of America, 210 S. W. 130. (2) A life insurance company is bound by actions of its agents, although agents acts in disregard of instructions, which such instructions are not known to persons dealing with him. Breckenridge v. American Central Ins. Co., 87 Mo. 62; Van Cleeve v. Union Cas. Co., 82 Mo. App. 668; James v. Mutual Reserve Fund Life Ins. Co., 148 Mo. 1. (3) A life insurance agent who has authority to write and collect insurance may bind the company on principle of estoppel. Lange v. N. Y. Life Ins. Co., 254 Mo. 488; Equitable Life Ins. Co. v. Ellis, 152 S. W. 625. (4) Defenses of misrepresentations in reference to good health of insured are questions for the jury. Brink v. John Hancock Life Ins. Co., 194 Mo. App. 529; Holmes v. Protected Home Circle, 199 Mo. App. 534; Section 6142, R. S. 1919. The answers of insured to agent who procured the application for the insurance and to the medical examiner were not introduced in evidence and the inference is they were truthful answers. (5) Appellant in accepting proofs of loss and in refusing to pay respondent for a specific reason (not because she was not an executor or an administrator), knowing the facts waived the facility payment clause. Eva Patvin v. Prudential Ins. Co., 235 Mass. 247; Forciarz v. Prudential Ins. Co., 95 Misc. Rep. N. Y. 306. (6) Slight evidence indicating an intention to waive will be sufficient to prevent forfeiture from taking effect. Keyes v. K. & L. of Security, 174 Mo. App. 671; Francis v. A. O. U. W., 150 Mo. App. 356; Equitable Life Ins.

Co. v. Ellis, 152 S. W. 625; Hollis v. Insuraace Co., 65 Ia. 458. (7) Whenever a waiver has occurred it is final and cannot be withdrawn. Nichols v. Prudential Ins. Co., 170 Mo. App. 437. (8) The soliciting agent of the insurance company is the agent of the company and not the agent of the insured. (Section 6143, Revised Statutes of Missouri, 1919.) (9) Payment to respondent, the wife, or widow, absolves the defendant from any payment of the policy to any other claimant. Renfro v. Metropolitan Life Ins. Co., 148 Mo. App. 258; Wallace v. Insurance Co., 174 Mo. App. 110. (10) Respondent, the mother of insured's minor children, has obtained a Refusal of Letters of Administration on estate of insured, giving her authority as widow to collect the insurance on life of deceased, and hence no one else but her can maintain a suit for the insurance. (11) The question of vexatious delay was for the jury. Keller v. Insurance Co., 198 Mo. 440; Kellog v. Insurance Co., 133 Mo. App. 391; Sec. 6337, R. S. 1919.

BECKER, J.—Plaintiff began her action by filing a petition before a justice of the peace upon a policy of life insurance issued by the defendant company, insuring the life of John J. Walton, husband of the plaintiff.

The contract of insurance sued upon is an "Industrial Policy," whereby the defendant in consideration of a weekly premium of fifteen cents, agreed to pay the sum of $270 upon the death of the insured (or one-half that amount if the insured died within six months after the issuance of the policy) to the executor or administrator of the insured, unless payment were made under the provisions of the so-called "facility of payment" clause in the policy. The insured having died within six months of the date of the issuance of the policy, plaintiff in her petition sues for $135 and ten per cent. damages for vexatious refusal to pay the claim, and attorney's fees Plaintiff recovered a judgment in the

justice court and on appeal to the circuit court she again prevailed. From judgment in plaintiff's favor in the sum of $253.90, the defendant appeals.

The policy filed in the case and offered in evidence by the plaintiff, over defendant's objection, showed on its face that by its terms the defendant company promised to pay the sum stipulated therein in the event of the death of the insured, to the executor or administrator of such insured. Plaintiff as a witness in her own behalf admitted in her direct examination that she was not the qualified executrix or administratrix of the estate of the deceased, whereupon counsel for defendant objected to the introduction of any evidence in the case for the reason that the policy sued upon is payable to the executor or administrator of the insured. The objection was overruled. At the close of plaintiff's case and again at the close of all the evidence the defendant prayed the court to premptorily direct a verdict for the defendant, which the court refused to do, which action of the trial court is here urged as error. In our view the point is well taken.

The terms of the policy specifically agreed to pay the sum stipulated therein "to the executor or administrator of the insured, unless payment be made under the provisions of the next succeeding paragraph," which provides as follows:

"The company may make any payment or grant any non-forfeiture privilege provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial, and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied."

We have but recently had occasion to interpret the company's right under a facility of payment clause in the case of Manning. v. Prudential Ins. Co., 213 S. W. 897, in which case Judge ALLEN, speaking for the court (1. c. 899) said:

"Though reluctant so to do, we are of the opinion that we must hold that the policy in suit vests in plaintiff no right of action against the defendant; that only the executor or administrator of the insured can maintain the action. By the terms of the contract defendant agrees to pay the executors or administrators. And it seems quite clear that the "facility of payment" clause supra operates merely to give the insurance company the option to pay the amount of the insurance to any one coming within the class of persons there described, and that it does not, of itself, give to any such person a right of action on the policy. So it has been frequently ruled in other jurisdictions in passing upon policies of this character. [See Nolan v. Insurance Co., 139 App. Div. 166, 123 N. Y. Supp. 688; Ferretti v. Insurance Co., 49 Misc. Rep. 489, 97 N. Y. Supp. 1007; Lewis v. Insurance Co., 178 Mass. 52; Prudential Ins. Co. v. Godfrey, 75 N. J. Eq. 484, 72 Atl. 456; Marzulli v. Insurance Co., 79 N. J. Law, 271, 75 Atl. 473; Heubner v. Insurance Co., 146 Ill. App. 282; Bradley v. Insurance Co., 187 Mass. 226, 72 N. E. 989; Providence County Savings Bank v. Vadnals, 26 R. I. 122, 58 Atl. 454; 14 R. C. L., p. 1426.]"

It follows that upon authority of the Manning case, supra, and the cases therein cited, that the learned trial judge committed error in overruling defendant's requested instruction in the nature of a demurrer at the close of the entire case.

The judgment should be and is hereby ordered reversed and the cause remanded with directions to dismiss plaintiff's petition.

*Allen, P. J.,* concurs. *Daues, J.,* not sitting.

ON MOTION FOR REHEARING.

BECKER, J.—In her motion for rehearing the respondent says that our holding herein to the effect that plaintiff cannot maintain this suit, and that the right of action lies in the executor or administrator, is contrary to the opinion of this court in North v. National Life & Accident Insurance Company of Nashville, Tennessee, 229 S. W. 298.

It appears that a portion of the opinion in the North case is out of line with the decision of this court in Manning v. Insurance Company, 202 Mo. App. 124, 213 S. W. 897, and consequently contrary to what we have stated in the opinion in the present case. So much of the opinion in the North case as announces or appears to announce a doctrine contrary to that of the Manning case and contrary to what we have said in the opinion herein is hereby dissapproved and should not be followed.

With the concurrence of ALLEN, P. J., (DAUÈS, J., not sitting) the motion for rehearing is overruled.