## BURNS v WESTERN & SOUTHERN LIFE INS CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 9953. Decided Dec 9, 1930

Melville W. Vickery, Cleveland, for Burns.
Cannon, Spieth, Taggart, Spring & Annat, Cleveland, for Ins Co.

LEMERT, PJ and SHERICK, J., (5th Dist) sitting.

SHERICK, J.

Exhaustive briefs have been furnished and our attention has been called to many authorities and coming now to the law applicable to the question involved, it seems quite well settled that by the terms of the clause in the policy known as the facility payment clause, that the company is given thereby the option to pay to any one of the persons having the qualifications named in the clause. This option of itself necessarily excludes any right on the part of the plaintiff to enforce payment, for it is conclusively shown by the testimony of the plaintiff in error that she does not come within any given class named in the policy.

The following cases are directly in point:
Mazurley vs. Metropolitan Insurance Co., 79 N. J. Law, 271
Lewis vs. Metropolitan Life Ins. Co., 178 Mass. 52
Wokal vs. Belsky, 53 App. Div. 167
65 N. Y. Supplement, 817
202 Mo. App. 124.

The plaintiff in error holds the view that because she paid certain premiums that of itself entitles her to recovery on the policy. It is stated in the Lewis case supra, that payment of the premiums on the policy of another gives the person so paying them no interest in the policy as the payments are presumed to have been made on behalf of the insured and we believe this to be a correct statement of the law.

We also note that the Fourth District sitting by designation in this County in the case of Coyne vs Metropolitan Life Insurance Company considered a like question and its finding is in harmony with the finding in this case. Should this court adopt such a rule as is claimed by the plaintiff in error, and carrying it to its logical conclusion, situations might develop where one upon the death of an insured under one of these industrial policies might secure possession of the policy and there might then ensue a race between distant relations, neighbors or strangers to secure and turn into the company the policy and premium books and proof of loss, and thereby in many instances fraudulently seek to obtain that which rightfully should belong to another.

We hold the view that the plaintiff in error is not entitled to recovery on the policy in question and that the trial court rightfully found in favor of the defendant company.

It is, therefore, the judgment of this court that this cause be affirmed. Exceptions.

Lemert, PJ., concurs. Houck, J., not participating.