JOSEPH P. KELLY, Admr. of MARY F. KELLY, Deceased, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

St. Louis Court of Appeals. Argued and Submitted March 16, 1910. Opinion Filed April 19, 1910.

1. LIFE INSURANCE: Assignment of Policy: Subject to "Facility Clause" of Policy. Under an assignment by insured of a policy of life insurance, payable to insured's executors, administrators or assigns, and containing a "facility of payment clause" to the effect the company might make any payments provided for in the policy to any relative of insured, or to any person appearing to the company to be equitably entitled to the same by reason of having incurred expenses in any way on behalf of insured for his burial, which assignment on its face was made subject to the terms and conditions of said clause, the assignee's interest was subject to the right of the company to pay the amount of the policy to any person appearing to it to be equitably entitled to the same, by reason of having incurred expenses on behalf of insured for his burial, as provided in said clause.

2. ———: ———: ———: **Payment to Administrator for Burial Expenses.** Insurer in a life policy, authorizing it to pay the policy to any person equitably entitled thereto, by reason of having incurred expenses in behalf of insured for his burial or other purposes, may pay the policy to the public administrator who had taken charge of the estate of deceased and incurred expenses for his burial, whether he did so before or after the receipt of the money due on the policy.

3. ———: **Who May be Assignee.** One taking out a policy on his life payable to his executors, administrators, or assigns may assign it to any one standing in the position of creditor or dependent, and the assignee need not be a relative.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

REVERSED.

*Fordyce, Holliday & White* for appellant.

(1)   The demurrer to the evidence offered by the defendant at the close of the case should have been sustained as the evidence showed that plaintiff's intestate, Mary F. Kelly, had no insurable interest in the life of the insured, and hence, the assignment to her was invalid.    Whitmore v. Supreme Lodge, 100 Mo. 36; Huesner v. Insurance Company, 47 Mo. App. 336; Insurance Company v. Richards, 99 Mo. App. 88; Bruer v. Insurance Co., 100 Mo. App. 540; Insurance Co. v. Ellison, 3 L. R. A. (N. S.) 934, and note; Deal v. Hainley, 135 Mo. App. 507.    (2)   The court erred in admitting, over the objection of defendant's counsel, the testimony of witness Rose Kelly, as to conversations taking place after the assignment of the policy, and, in the absence of the defendant or its agents, between the insured Brophy and the assignee Mary F. Kelly, both of whom were dead at the time of the trial.    Brown

v. Insurance Co., 109 Mo. App. 135; Wojtylak v. Coal Co., 188 Mo. 260, *et seq;* Johnson v. v. Burks, 103 Mo. App. 221; Criddle v. Criddle, 21 Mo. 522; Perry's Administrators v. Roberts, 17 Mo. 36. (3) The court erred in admitting in evidence, over defendant's objection, the letter from plaintiff's counsel to defendant and reply of defendant's agent thereto. Authorities under point 2. (4) The court erred in excluding the evidence offered by defendant that it had paid the proceeds of the policy to the public administrator. Floyd v. Prudential Insurance Co., 72 Mo. App. 455; Thomas v. Prudential, 158 Ind. 463; Susquehanna v. Swank, 102 Pa. St. 17; Metropolitan v. Shafer, 50 N. J. Law 72 (11 Atl. 154); Metropolitan v. O'Farrer (Kas.), 67 Pac. 835; Ruoff v. Hancock, 86 App. Div. (N. Y.) 447; Pfaff v. Prudential, 141 Pa. St. 562; Brennan v. Prudential, 170 Pa. St. 488; McCarthy v. Metropolitan, 162 Mass. 254; Bradley v. Prudential, 187 Mass. 226, 72 N. E. 989; Golden v. Metropolitan, 55 N. Y. Sup. 143; Thompson v. Prudential, 104 N. Y. Sup. 257; Prudential v. Young, 43 N. E. 253 (Ind.); Thomas v. Prudential (Pa. 1892), 24 Atl. 82; The State (Metropolitan Life Co. (Prosecutor) v. Shaeffer, 50 N. J. Law 72, 11 Atl. Rep. 154 (8087); Lewis v. Metropolitan (Mass. 1901), 59 N. E. 439; McNalley v. Metropolitan (Pa. 1901), 49 Atl. 229; Maburg v. Metropolitan (Mich. 1901), 86 N. W. 1026. (5) The court erred in giving plaintiff's instruction. Lemaster v. Railroad, 122 Mo. App. 313, *et seq;* Sundmacher v. Lloyd, 114 Mo. App. 317; Stanfield v. Loan Assn., 53 Mo. App. 595, *et seq;* Laughlin v. Gerardi, 67 Mo. App. 372; Forster v. Guggemos, 98 Mo. 391; Rudd v. Insurance Co., 120 Mo. App. 1, l. c. 16. (6) The court erred in refusing defendant's instruction No. 1. Authorities under point 4. (7) The court erred in refusing defendant's instructions Nos. 2 and 3. Authorities under point 1. (8) The court erred in refusing de-

fendant's instruction No. 5. Strode v. Meyer Bros. Drug Co., 101 Mo. App. 627; Deal v. Hainley, 135 Mo. App. 507, and authorities under point 5.

*Seneca N. & S. C. Taylor* for plaintiff.

(1) The court did not err in overruling defendant's demurrer to the evidence on the ground assigned by the defendant, nor on any other ground. The evidence undeniably shows that Mr. Brophy was largely indebted to Mrs. Kelly, and after taking out the policy upon his own life in his own favor, he assigned it to her on a blank furnished by the defendant for that purpose, and with the defendant's approval, his signature being witnessed by the defendant's agent. Obviously from the evidence, Mr. Brophy made such an assignment to her in payment of his indebtedness to her. Such being the facts, every well-considered case supports the action of the court in overruling the demurrer to the evidence. Quotations from the authorities upon which we rely may assist the court. Ashford v. Ins. Co., 80 Mo. App. 641; Van Cleave v. Union Casualty Co., 82 Mo. App. 682; Reynolds v. Ins. Co., 88 Mo. App. 685; Ins. Co. v. Francis, 94 W. S. 561; Strode v. Drug Co., 101 Mo. App. 627; Locher v. Kuechenmiester, 120 Mo. App. 719; Deal v. Hainley, 135 Mo. App. 513. (2) A policy of insurance is assignable as any other chose in action. Floyd v. Prudential Ins. Co., 72 Mo. App. 459; St. John v. Amer. Mut. Life Ins. Co., 13 N. Y. 31; Brockway v. Mutual Ben. L. Ins. Co., 9 Fed. 249; Mutual L. Ins. Co. v. Armstrong, 117 U. S. 591; A. O. U. W. v. Brown, 112 Ga. 545; Fitzpatrick v. Ins. Co., 56 Conn. 116; Chamberlain v. Butler, 61 Neb. 730; Prudential Ins. Co. of America v. Liersch, 122 Mich. 436; Steinback v. Diepenbrock, 158 N. Y. 24; Strike v. Wis. Odd Fellows Mut. L. Ins. Co., 95 Wis. 583; Bowen v. Natl. Life Assn., 63 Conn. 460; Rittler v. Smith, 70 Md. 261; Bursinger v.

Bank of Waterloo, 67 Wis. 76; Souden v. Home Friendly Soc., 72 Md. 511; Clogg v. McDaniel, 89 Md. 416; Mutual L. Ins. Co. v. Allen, 138 Mass. 24; Dixon v. Natl. L. Ins. Co., 168 Mass. 48; Murphy v. Red, 64 Miss. 614; Johnson v. Van Epps, 14 Ill. App. 201; McFarland v. Creath, 35 Mo. App. 112; Stoelker v. Thornton, 88 Ala. 421; Olmstead v. Keyes et al., 85 N. Y. 598.

REYNOLDS, P. J.—This is an action on a policy of insurance upon the life of one William Brophy, the principal, $500, payable, unless otherwise paid under conditions in the policy, unto the executors, administrators or assigns of William Brophy. The conditions referred to are in what is called the "facility clause." It is a policy issued by what is called industrial insurance companies and contains the "facility of payment" clause referred to above, which is to the effect that the company may make any payment provided for in the policy, to any relative by blood or connection by marriage of the insured, or to any other person appearing to the company to be equitably entitled to the same by reason of having incurred expenses in any way on behalf of the insured for his or her burial or for any other purposes, and the introduction by the company of a receipt signed by any or either of said persons or of other sufficient proof of such payment to any or either of them to be conclusive evidence that such benefits have been paid to the person or persons entitled thereto and that all claims under the policy have been fully satisfied. This "facility clause" is the second article of the conditions, and the policy in suit is No. 15,550,408. The suit in the case was brought by the administrator of Mary F. Kelly, deceased, and it is stated in the petition that after the issue of the policy to Brophy, he had paid the premiums as they fell due and that it was in force when he died October 12, 1908; that "during the lifetime of said William Brophy and for value received, he assigned, transferred and delivered said policy to Mary F. Kelly, of

the city of St. Louis, Mo., and that Mary F. Kelly, after said assignment, continued to be the owner and holder of said policy until her death, which occurred on or about the 3d of November, 1908;" that on the 13th of October, 1908, a day after the death of Brophy, the defendant, knowing that the policy had been assigned to Mrs Kelly and recognizing its liability to her upon the policy, obtained it from her for the purpose of preparing proofs of the death of Brophy and promised to make out the proofs of death and then pay her the amount called for by the policy; that on this promise of the defendant, she delivered the policy to it and thereafter on the 3d of November, 1908, died, then being the owner of the policy and entitled to the money called for by it; that the defendant never paid the money to Mrs. Kelly during her lifetime; that on her death plaintiff was appointed her administrator and had qualified as such and had demanded the $500 from defendant which defendant had refused to pay; that plaintiff cannot file the policy by reason of having delivered it to the defendant, who has declined to surrender it or to give him a copy of it, and judgment is demanded for the $500 and interest.

The answer, after a general denial, sets up the issue of the policy and its terms as before stated; that is to say, that it was payable "to the executors, administrators or assigns of the person named as the insured in the said policy." That Brophy died on the 12th of October at St. Louis; that on the 20th of November, the public administrator, Harry Troll, took charge of the estate of Brophy, under an order of the probate court of the city, and as administrator made a demand upon the defendant company for the proceeds of the policy which the company paid to said Troll. For another defense, it is averred that Mary F. Kelly, plaintiff's intestate, had no insurable interest in the life of William Brophy by relationship or otherwise and that if any assignment of the policy was made by Brophy to Mary F. Kelly, it

was null and void, illegal and contrary to public policy, and Mary F. Kelly and plaintiff, her administrator, have no interest or right in the proceeds of the policy. The reply was a general denial. Trial was had before a court and jury. The following paper was produced which was claimed to be the assignment from Brophy to Mrs. Kelly:

"To The Prudential Insurance Company of America.
"Home Office, Newark, N. J.
"September 18, 1901.

"I, the undersigned, the person making application for, and insured under Policy No. 15,550,408 in the above named company, hereby request and authorize the said company, in event of my death prior to the death of the person next hereinafter named, to pay the benefit specified in said policy to Mary Kelly, my (state relationship, if any) friend, and the receipt signed by said person, or other sufficient proof of such payment, shall operate in the same manner as the receipt or proof of payment described in said policy.

"It is mutually agreed and understood, however, that nothing herein is to vary in any manner any of the provisions, agreements or conditions contained in said policy and the application therefor, especially the first proviso in case the policy is numbered between No. 59,691 and No. 816,845, inclusive, or article second in case the policy is numbered higher than No. 816,845; and that said company may, at its option, pay said benefit according to the said proviso, or article second, anything herein to the contrary notwithstanding.

His
"(Signature), William X Brophy.
Mark

"Witness, S. W. Pollard.

"Some person beside Agent must sign as witness if subscriber make a mark.

"This form should not be sent to the home office, but retained by the holder of the policy, and presented with the policy when claim is made."

Beyond this paper no proof of assignment was introduced and the only testimony about the assignment being "for value" was the testimony of a witness to the effect that she had heard a conversation between Brophy and Mrs. Kelly in which the former had said that Mrs. Kelly should get this money, this $500, and that that would pay her what he owed her. This testimony was objected to when offered, on the ground that the conversation between Mrs. Kelly and Mr. Brophy was not binding upon the defendant and that it was a conversation which occurred after the assignment had been made. There is no evidence in the case tending to show that the policy or receipt books had been obtained by the defendant from Mrs. Kelly, beyond the recital of that as a fact in a letter which the attorneys for plaintiff wrote to the defendant. It was in evidence that the defendant had paid the money to Mr. Troll, as public administrator in charge of the estate of Brophy, and it is also in evidence that Mr. Troll had paid the funeral expenses of Brophy. The evidence also tends to show that he did not pay these funeral expenses until after he had received the $500 from the defendant. How much he paid on that account is not apparent, nor is there any testimony in the case as to any indebtedness from Brophy to Mrs. Kelly at the time of his death or as to its amount, beyond that before recited.

Having reference to the "facility clause" of the policy, we think that the defendant is protected by that in making the payment to the public administrator as the administrator of the estate of Brophy. It is difficult to construe the paper claimed to be an assignment into an assignment for value as alleged in the petition. It provides that "in the event of my (Brophy's)˙ death prior to the death of the person next hereinafter named, to pay the benefit specified in said policy to Mary Kelly,

my friend, and the receipt signed by said person, or other sufficient proof of such payment, shall operate in the same manner as the receipt or proof of payment described in said policy." This is not an absolute assignment or even a definite change of beneficiary. No provision is made by it as to what is to happen if the insured survives Mrs. Kelly. On its face it is made subject to the terms and conditions of the facility of payment clause, in that it is distinctly set out that it is made subject to article second, which is the "facility clause," and as the number of the policy is higher than No. 816,845, that clause is applicable to it, and that the "company may, at its option, pay said benefit according to said proviso, or article second, anything herein to the contrary notwithstanding." So that whatever interest Mrs. Kelly took in the contract was subject to the right of the defendant to pay it to any person appearing to it to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for his burial or for any other purpose. The public administrator paid the funeral expenses of the insured; whether he did so before or after the receipt of the money is immaterial. Evidently he had incurred them and made himself liable for them. No one else pretends to have incurred or paid them. Evidently neither plaintiff nor his intestate did so. Mrs. Kelly held this certificate subject to the right of the defendant to pay the fund to whomsoever it was satisfied had paid them. The evidence that Mrs. Kelly took this policy as a creditor is too slight to be even persuasive, much less controlling. The paper itself is significantly silent on this; it does not intimate that she is a creditor; it does not by implication assign the policy for value. At most it is a change of designation of beneficiary, the beneficiary taking subject to the right of the defendant to pay it to any person appearing to it to be equitably entitled thereto by reason of "having

incurred"—not paid, expenses in any way on behalf of the insured for his burial "or for any other purpose."

The proposition contended for by counsel for respondent that a party cannot assign an insurance policy to one who is not a relative is untenable. It has been decided that he may assign to any one standing in the position of creditor or dependent; that is, to one who has an insurable interest in his life. The difference between the act of a party taking out insurance on his own life for the benefit of another and the act of the party insured, after he has taken out the policy, assigning it to another, is marked in the law of this State and of the United States. [Warnock v. Davis, 104 U. S. 775.] The verdict and judgment are reversed. All concur.