CHARLES S. PLUMMER, APPELLANT, v. METROPOLITAN LIFE INSURANCE
Co. ET AL., DEFENDANTS; EUGENE G. LACEY, EXECUTOR ET AL., RE-
SPONDENTS.—81 S. W. (2d) 453.

Kansas City Court of Appeals.   March 4, 1935.

*David W. Wilhite* for appellant.

*L. Amasa Knox* and *Carl R. Johnson* for respondent Lacey.

*James D. Pouncey* for respondent Watkins.

REYNOLDS, C.—This is an action by the plaintiff as the alleged beneficiary therein upon two certain policies of insurance issued by the defendant Metropolitan Life Insurance Company (hereinafter called defendant company) upon the life of Sallie Plummer, deceased, as the insured under each.

At the time the first one was issued, the name of the insured was Sallie Squires; and she was described therein under said name. She was afterwards married to one Waldon, and her name was changed to Sallie Waldon, and an endorsement to that effect was made by

defendant company on said policy. About April 26, 1917, she was married to the plaintiff herein; and her name was changed to Sallie Plummer; and an endorsement to such effect was made by defendant company on said policy.

The second of said policies was issued February 19, 1906, the name of the insured at such time being Sallie Waldon; and she was described therein under such name. Afterwards, upon her marriage to the plaintiff, she caused an endorsement to be made upon such policy of the fact of her marriage to plaintiff and of the change of her name to that of Sallie Plummer.

Both of said policies are of the type or class commonly known as industrial policies; and the insurance provided in each is such as is commonly known as industrial insurance; and, by each, the defendant company engages to pay to the insured therein an endowment upon her passing the age of seventy-nine years in a fixed sum, including certain guaranteed dividends provided for in each, provided, however, "that no obligation is assumed by the company prior to the date thereof nor unless on said date the assured is alive and in sound health. In case of such prior death of the insured the company may pay the amount due under this policy to either the beneficiary named or to the executor or administrator, husband or wife, or any relative by blood of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured or for his or her burial, and the production of a receipt signed by either of them shall be conclusive evidence that all claims under this policy have been satisfied." It is further provided in each of said policies that, subject to the approval of the defendant company, the insured therein may, at any time during the continuance of the policy, provided the policy is not then assigned, change the beneficiary or beneficiaries by written notice to the defendant company at its home office, accompanied by the policy, such change to take effect on the endorsement of the same on the policy by the defendant company.

The first policy provides for a fixed endowment of $286.50 with guaranteed dividends to be added. The beneficiary named thereunder, when originally issued, was the estate of the insured. Afterward, on May 21, 1917, the named beneficiary, as it appears from an endorsement thereon by defendant company, was changed to Charles S. Plummer, the husband of the insured at such time and the plaintiff herein.

The fixed endowment provided in the second policy is $325 after one year and, at the end of the endowment period provided, is $450, the latter sum being made inclusive of all guaranteed dividends. The beneficiary named therein, when originally issued, was Judy

Montgomery, a sister of the insured. Afterward, on May 21, 1917, the named beneficiary, as it appears from the endorsement thereon by defendant company, was changed to Charles S. Plummer, husband of the insured at such time and now plaintiff herein.

It would appear from the evidence that the insured died prior to the maturity of either of said policies and that, prior to her death, the plaintiff, her husband, had, about the year 1923 or 1924, left her and gone to the State of Texas where he accepted employment and made his home and was living at the time of her death. It appears that, after leaving her, he occasionally visited Kansas City for a day, when he would telephone her or perhaps call to see her for a short while. Occasionally, he sent her small sums of money. In the year of 1926, the insured obtained a decree of divorce in the circuit court of Jackson county at Independence, Missouri, against the plaintiff, by which she divorced him. The decree of the court recited that the court, after having heard the evidence, found that the allegations of plaintiff's petition therein were true and that she was the innocent and injured party. The petition in said cause charged him with the abandonment and desertion of insured, with having failed to live with and support her and furnish her a home, with absenting himself from her without reasonable cause for the space of one whole year and more, and with having been guilty of adultery since the marriage.

In June, 1925, the insured made her will, in which she designated defendant Eugene Lacey as the executor thereof. Upon her death, he qualified as such and took possession of the policies in suit and made due proof of the death of the insured to the defendant company under said policies and made demand for the payment of the proceeds thereof to him as such executor. The plaintiff asserted a right to the policies as the beneficiary named in each of them and demanded possession of the same in his own right as such. The executor, however, refused to surrender them to him and denied his right to them.

Thereupon, the plaintiff filed this suit against the defendants, alleging, among other things, the existence of the policies and alleging that he was the beneficiary in each and that he was unable to obtain possession of either and, for such reason, was unable to file them or copies thereof with the petition. It may be stated that the petition was in all respects sufficient to state a cause of action by plaintiff against the defendants upon the two policies. The petition appears in full in the record. It is unnecessary here to set it out.

The defendant company made answer, setting up that the executor, Eugene Lacey, was making a conflicting and an adverse claim to that of the plaintiff for the payment to him, as such executor, of the proceeds of said policies and was denying that plaintiff had any right

to such proceeds. The answer further alleges that the defendant company did not have any knowledge as to which of said claimants, the plaintiff or the executor, was lawfully entitled to such proceeds or whether some other person might be entitled thereto and that it was required, in order to protect its interests arising out of the conflicting and adverse claims made, and of others that might arise, to employ attorneys and asked that the court require the plaintiff and the executor and such other persons as might assert a claim thereto to join issue as between themselves as to their respective rights and asked the court to determine which of said parties was entitled to such proceeds and to direct the defendant company as to whom it should make payment of the same and asked that, upon such payment, as directed, it be discharged from all liability under said policies and that it have judgment for its costs and for its reasonable attorneys' fees.

The executor, Eugene Lacey, filed an answer as such executor, by which he claimed to be entitled to the proceeds of the policies in suit, as such executor, for the estate of the deceased Sallie Plummer, the insured, and by which he further denied plaintiff's right to such proceeds.

Said order, as requested by defendant company in its answer, being treated as made by the court, Watkins Brothers, undertakers and embalmers, incorporated, hereinafter referred to as the interpleading undertaking corporation, filed an interplea claiming to be entitled to the proceeds of said policies and to the payment of such to it in the sum of $323, on account of funeral and burial expenses incurred by it in connection with the funeral and burial of the deceased insured.

The plaintiff filed a reply to the separate answer of the defendant company and also to the separate answer of Eugene Lacey, executor. He likewise filed a motion to strike the interplea filed on the part of the interpleading undertaking corporation. Defendant Eugene Lacey, as executor, also filed a motion to dismiss the interplea of the interpleading undertaking corporation.

There was evidence tending to show that the interpleading undertaking corporation had furnished for the burial of the insured a casket and other necessary equipment, amounting in value to $323, which had not been paid; that a claim therefor had been presented against the insured's estate and allowed in the sum of $323 by the probate court of Jackson county. In addition thereto, it appears that she was otherwise indebted, at the time of her death, on account of taxes and personal obligations, such as for her doctor's bills during her last illness and other items. The total amount of indebtedness of the deceased, together with her funeral and burial expenses (exclusive of

taxes), so far as her executor had been able to ascertain at the time of the trial, was around $653.93. The appraised value of her personal estate as inventoried, exclusive of insurance policies, was $106.50. The value of her real estate had at one time been estimated around fifteen hundred dollars; but, at the time of the trial, her executor had been unable, since her death, to find any one interested in buying it, so that he was unable to make any probable estimate of its value at such time.

There was evidence further tending to show that, since plaintiff ceased living with her, the insured had been at one time in Bell Hospital at Kansas City, Missouri, undergoing an operation for a tumor; that her expenses had been borne by others; that she had, at times, called upon the Provident Association for help and had been helped by it; that she was unable to pay her doctor's bills for her last illness; and that she had called upon various persons for loans and other assistance. She died about January 26, 1933.

It appears from her will that she provided, by the first clause therein, for her burial by her executor and for the payment of her debts and funeral expenses out of her estate and that, by a later clause therein, among other gifts and devises to other persons, she gave and bequeathed the proceeds of two insurance policies which she held with the defendant company payable to her estate to a brother and a niece.

The executor, upon taking charge of the insured's effects, upon her death, found among her papers the two policies of insurance in suit, together with another policy in a benefit society and an insurance policy which had been permitted to lapse. It does not appear that he found any other policies.

The evidence does not show that the plaintiff had ever obligated himself to pay the expenses incurred by the insured by way of a doctor's services during her last illness or to pay the expenses of her funeral or burial after her death or, for that matter, to pay any debt or expense incurred by her after he abandoned her. At most, the record shows that he contributed to her support after the time he left her the sum of $140. True, he contends that he sent her more; but that he did rests upon his mere statement to that effect. How much more, if any, does not appear. The evidence is to the effect that, when approached with reference to obligating himself to the payment of the expenses of the insured during her last illness and for her funeral and burial expenses since her death, he gave no satisfaction.

At the conclusion of the hearing, the court overruled the motion of the executor, Eugene Lacey, to dismiss the interplea of the interpleading undertaking corporation.

The matter being submitted to the court, the court made a finding of facts fully supported by the evidence and directed judgment as follows:

"—— that the defendant, Metropolitan Life Insurance Company, a corporation, owes on the policy of industrial insurance numbered 23003195 issued by it on the life of Sallie Squires, whose name was subsequently changed by marriage after the issuance of said policy to that of Sallie Waldon, and again changed by subsequent marriage to that of Sallie K. Plummer, the sum of $338.89, and that defendant, Metropolitan Life Insurance Company, owes on the policy of industrial insurance numbered 27305971 issued by it on the life of Sallie Waldon, whose name was subsequently changed by marriage after the issuance of said policy to that of Sallie Plummer, the sum of $505.20, or a total on both numbered policies of $844.09, which the defendant, Metropolitan Life Insurance Company, has been ready, able and willing to pay to the party or parties equitably entitled to the same.

"The court further finds that Sallie K. Plummer, the insured in the above numbered policies, on the 22nd day of March, 1926, obtained a decree of divorce from the plaintiff, Charles S. Plummer, in the Circuit Court of Jackson county, Missouri, at Independence; that the plaintiff, Charles S. Plummer, did not contribute any substantial amount to the support of the insured, Sallie K. Plummer, subsequent to the year 1924, which might be taken as an obligation of the insured Sallie K. Plummer to him; that there are no equities in favor of the plaintiff and that plaintiff has no right, title or interest in either of said numbered policies or the proceeds thereof, and does not come into equity with clean hands and is entitled to take nothing therefrom; that under the will of Sallie K. Plummer, the insured, deceased, it was her intention that the plaintiff, Charles S. Plummer, should not be entitled to any of the proceeds of the two industrial policies in question; that it was her intention that the proceeds of said policies should be used to pay her obligations; that the defendant, Watkins Brothers Undertaking Company, is entitled to the sum of $323 to be paid out of said sum of $844.09 in payment of its funeral and undertaking bill under the order of the probate court; that counsel for defendant, Metropolitan Life Insurance Company, is allowed by the court the sum of $30 as attorneys' fee for filing its answer in the nature of a bill of interpleader and representing said defendant herein.

"The court further finds that a number of other persons in addition to the defendant, Eugene G. Lacey, executor of the estate of Sallie K. Plummer, deceased, and the defendant, Watkins Brothers Undertaking Company, are equitably entitled to a part of the funds

resulting from the proceeds of said numbered insurance policies by reason of having incurred expenses on behalf of the insured; that said sum, namely, $844.09, will in all probability be exhausted by such equitable payments; that the estate of the insured is not sufficient to pay all claims and costs of administration; that said sum of $844.09, except the sum of $30 thereof allowed as a fee to the attorneys representing the defendant, Metropolitan Life Insurance Company, should be paid to the clerk of this court by said defendant, Metropolitan Life Insurance Company, and that the clerk of this court should pay the balance of said fund, namely, $814.09, to the executor of the estate of Sallie K. Plummer, deceased, upon the filing of said executor of such bond as may be approved by the probate court with the clerk of this court; that said sum of $814.09 shall then be distributed by said executor in accordance with this decree and the order of the probate court; that all costs in this case be adjudged against the plaintiff, Charles S. Plummer.

"It is therefore ordered, adjudged and decreed as follows:

"1. That the defendant, Metropolitan Life Insurance Company, deduct from the sum of $844.09 the sum of $30 allowed to it as its attorneys' fee, and that it pay the balance of said sum, namely, $814.09, to the clerk of this court, which is now done in open court; it is now ordered, adjudged and decreed that the defendant, Metropolitan Life Insurance Company, be and it is hereby released and discharged in full of and from any and all liability and claims of any and all persons in the two policies of industrial insurance involved herein and each of them.

"2. That all costs in this case be adjudged against the plaintiff, Charles S. Plummer, and that he recover nothing by this action.

"3. That said sum of $814.09 be paid by the clerk of this court to Eugene G. Lacey, executor of the estate of Sallie K. Plummer, deceased, in accordance with the above finding and this decree."

From the decree as rendered, after unsuccessful motions for a new trial and in arrest of judgment, the plaintiff appeals.

OPINION.

■ The first point made by the plaintiff upon this appeal is that, upon the death of the insured, he became vested with the right to the proceeds of the policies of insurance in suit and to demand the payment of such proceeds and with the right to a cause of action therefor by reason of being named as the beneficiary in each of said policies. It is true that he appears designated in each of said policies as the beneficiary therein; but it nowhere appears in either of said policies that he, as such named beneficiary, is given or vested with any right to demand or enforce the payment of the proceeds thereof to him as against the defendant company or to maintain any action what-

ever against the defendants on account thereof. As such named beneficiary, he is merely designated as one of the persons or classes of persons to whom the defendant company might pay the proceeds of such policies and acquit itself of all obligation thereunder; but neither of said policies contains any direction requiring that the proceeds of the same shall be paid to him as such named beneficiary by the defendant company.

■ Under the terms of the policy, the insurance provided would have matured upon the insured's passing the age of seventy-nine years and would thereupon have become payable to her; but such policies contain further provisions in connection with the payment of the proceeds thereof, in the event of her death prior to their maturing, to the effect that "the company may pay the amount due under this policy to either the beneficiary named in the said schedule or to the executor or administrator, husband or wife, or any relative by blood of the insured or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured or for his or her burial and the production of a receipt signed by either of them shall be conclusive evidence that all claims under this policy have been satisfied."

This clause, commonly known as the "facility of payment clause," or some clause similar thereto is frequently found in policies of the character sued upon. It will be noticed that it does not amount to a direction to the defendant company to pay the proceeds of such policies to the plaintiff as the named beneficiary therein or to pay the same to any other person or class of persons designated therein but merely grants the right to the company to make payment of the same to any of the persons designated as, in its discretion, it sees proper and, upon such payment, to be acquitted of further liability. [Burns v. Prudential Ins. Co. of America, 253 S. W. 81; Jackson v. Metropolitan Life Ins. Co. (Mo. App.), 294 S. W. 453.]

■ In Jackson v. Metropolitan Life Insurance Company, supra, l. c. 455, this court, speaking through Judge BLAND, said:

"It has been held in this State, in reference to a 'facility of payment clause' such as appears in the policy in suit, that no right of action is vested against the defendant to any one coming within the class of persons that are described in such clause, of which plaintiff in the suit at bar is one, and that only the executor or administrator of the insured's estate can maintain the action."

In that case, the policy directed the payment of the insurance to the insured's executor or administrator, unless payment should be made under the provisions of a paragraph following therein. The paragraph to which reference was made was as follows:

"—— The company may make any payment or grant any nonforfeiture privilege provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied."

It will be noticed that the executor or administrator therein was not mentioned as one of the parties to whom payment might be made in the facility of payment clause; but the direction to make payment to the executor or administrator was found in the body of the policy preceding the facility clause; and such direction was independent of·the facility clause except that, upon a construction of the policy, it must necessarily be held that it was subject to the right of the defendant to make payment under the facility clause to any of the parties designated in said clause.

■ The policies here in suit are unlike the policy in that case in that, while there is a named beneficiary there is no direction of payment to such named beneficiary. Such named beneficiary is merely mentioned as one of the parties to whom payment may be made under the facility clause.

■ In Clarkston v. Metropolitan Life Insurance Company, 190 Mo. App. 624, 176 S. W. 437, a policy embodying the exact, same provisions and form of contract with the two here in suit and issued by the same defendant company was involved. It is there held by the St. Louis Court of Appeals that where, upon the death of the insured prior to the maturity of the policy, the defendant had failed and refused to pay the proceeds of the policy to any of the persons named in the facility clause, notwithstanding that a beneficiary appeared named therein, the proceeds of such policy were payable to the estate of the insured and not to the beneficiary, unless a further direction appeared in said policy requiring that payment of the same be made to the beneficiary and that the executor of the estate of the insured was the only person authorized to demand the payment of such insurance or to maintain an action for the same.

It will be noticed that in both forms of contract—the one in Jackson v. Metropolitan Life Insurance Company, supra, and the one in Clarkston v. Metropolitan Life Insurance Company, supra—it is held that the executor or administrator of the deceased insured's estate is the only proper party having the right to enforce the demand of the payment of the proceeds upon or after the death of the insured, prior to the maturity of the policy, where the company has failed

or refused to make payment to any of the persons designated in the facility clause.

■ It is immaterial therefore whether a beneficiary is or is not named in policies where such circumstances concur as in the two cases supra in the case now under consideration.

■ The persons named in the facility clause of such policies have no vested right of action against the defendant to compel the payment by the defendant of the insurance to them, and neither does the beneficiary independently named in such have such right in the absence of directions in such policies requiring such payment to him. [Manning v. Prudential Insurance Company, 202 Mo. App. 124-130, 213 S. W. 897; Walton v. Metropolitan Life Insurance Company, 207 Mo. App. 296, 232 S. W. 259; Burns v. Prudential Ins. Co. of America, supra.]

■ It is also immaterial that the defendant company herein has not exercised its option to pay and has not made payment. It is immaterial that the defendant company is not presenting the defense that it has paid the insurance in question to some person to whom it is authorized to make payment under the facility clause and is no longer under obligation of any character under said policies. The plaintiff's rights with respect to a cause of action are not thereby enlarged so that thereby he has a right of action which before he did not have.

The question underlying this appeal concerns the right of the plaintiff to maintain the same against the defendant company; and such right does not depend upon the assertion or nonassertion by the defendant company of any right it has under the terms of the policies to make payment of the insurance, in its descretion, to one person or another other than the plaintiff as the named beneficiary.

■ Neither does one named as a beneficiary in a life insurance policy, in any event, take a vested interest to demand that the payment of the proceeds of the policy, upon the death of the insured or at any other time, in the absence of a direction in the policy, be made to him as such named beneficiary. Nor, where such direction is made, does he take a vested interest prior, at least, to the death of the insured where the policy reserves to the insured the right to change such named beneficiary. In such latter case, the right of the named beneficiary to the payment is contingent only; and, if such right to change is exercised by the insured and another beneficiary substituted, no final right of the original named beneficiary ever arises or attaches to such payment. [Robinson v. New York Life Ins. Co., 168 Mo. App. 259, 153 S. W. 534; Eves v. Sovereign Camp, Woodmen of the World, 153 Mo. App. 247-254-255, 133 S. W. 657; Clarkston v. Metropolitan Life Ins. Co., supra; Schlerth v. Neely (Mo. App.), 285 S. W. 168;

Missouri State Life Ins. Co. v. California State Bank, 202 Mo. App. 347-349, 216 S. W. 785; Kelly v. Prudential Ins. Co. of America, 148 Mo. App. 249-257, 127 S. W. 649; 31 C. J. 971.]

■ It follows that the plaintiff, as one named as beneficiary herein, has no legal right to the proceeds of the two policies in suit and therefore no right to maintain this action; that the right to maintain this action for the recovery of the proceeds of the same is, under the facts in the record, in the executor, Eugene Lacey; and that, as such executor, he is the only person entitled to maintain such an action, where necessary, and to protect the interests of the estate and those interested therein.

■ Plaintiff contends further that, the policies in question being industrial policies involving small amounts, there are questions of public policy to be reckoned with in an endeavor to effectuate the intention of the parties with respect to the insurance thereby provided. Such policies are usually intended to furnish available means for the burial expenses or the expenses of last illness of persons having small or no estates to be administered through the probate courts and are not intended to be administered through such courts. He contends that the court should incline to effectuate the purpose for which the insurance is provided and should not require a disposition of it that would render it unavailable for the purpose for which it is intended.

Such rule has been and is constantly being applied by the courts. [Clarkston v. Metropolitan Life Ins. Co., supra.] It will be applied in this case and, being applied, proves destructive of plaintiff's claim under this head. There is nothing in the facts and the circumstances revealed by the record upon which to base any equity in plaintiff's behalf by which he might be held entitled to the insurance involved. Neither is there anything inspiring the least confidence that, should such insurance reach his hands, it will be devoted to the purposes for which it was intended by the deceased insured and to the purposes for which it was provided. As a proper and disinterested party to administer such funds in a manner consistent with the accomplishment of the purposes for which they were provided, he is completely disarmed and disqualified, both by his conduct toward the deceased insured and his present attitude with respect to the disposition of said funds.

■ In the first place, as has already been found herein, he is not a party entitled by the terms of the policies to exact their payment in any event or to receive it, other than at the option of the defendant company under the facility payment clause. It might be paid him if, in the exercise of its descretion, the defendant company, in good faith, should find it advisable to pay it to him. The right of the defendant company to exercise its option with respect to the

person to whom it should make payment has never been exercised by it in plaintiff's favor nor has it become, by its conduct toward plaintiff or otherwise, so far as is disclosed by the record, bound in any manner, legally or equitably, to exercise such option in his favor or to make such payment to him.

In the next place, conditions appear to have been wholly changed from what they were at the time plaintiff was designated as the named beneficiary in said policies and so changed as to make him altogether an improper person through whom the insured's intentions with respect to such insurance might be reasonably expected to be carried out. The insured evidently intended such insurance for the payment of her funeral and burial expenses, including the expenses of her last illness and other matters for which she might become obligated. By her will, she directed, first, the payment of all her debts and funeral expenses. At the time she designated plaintiff as the named beneficiary, he was living with her as her husband. She doubtless considered that he was at such time the proper party to be relied upon to handle such insurance and to use it where necessary in the payment of her funeral and other expenses and obligations. However, he afterward deserted and abandoned her and had, at the time of her death, been living apart from her in another State for a period of about ten years and had become completely estranged from her and her necessities and interests. It appears that she divorced him during the year 1926; that, during all of the period of time after he left her, he contributed but little to her support. She was compelled to go to the hospital and undergo an operation for a tumor and to depend upon others to pay the expense thereof. So far as is disclosed by the record, she received no help from him. He was entirely unmindful of her necessities. She was unable to pay her doctor's bill or other expenses during her last illness. He made no contributions in the way of help to her on account of such. Upon her death, her executor looked after her burial. The interpleading undertaking corporation buried her at an expense of $323, relying upon her estate for reimbursement, an estate supposedly and actually to be swollen by this insurance. The plaintiff never, at any time, obligated himself for the payment of her burial expenses or for the expenses of her last illness or for other expenses on her account or for her indebtedness; nor did he offer so to do. Upon the contrary, when approached with reference to such matters, he failed to give any satisfaction whatever. In this case, he is denying the right of the interpleading undertaking corporation, who furnished the casket and other equipment for the burial of the deceased, to any part of the insurance for the payment of its claim for funeral expenses. He is likewise opposing the right of the executor to such funds for the pur-

pose of paying the interpleading undertaking corporation's bill and other expenses of the insured's last illness and for the payment of her debts.

If it be the duty of the court to effectuate the intent of the insured with reference to the purpose for which such insurance was and is provided, it does not appear from the facts in the record that it might be reasonably expected that it would be effectuated by compelling the payment of the same to him. There is no equity shown by the record by reason of which the plaintiff is entitled to claim this insurance or to maintain an action therefor. He is not entitled to maintain this action under any legal right. In any event, the insurance herein involved can only be required, under the circumstances existing, to be paid to the executor of the deceased. The trial court properly so found. The evidence in the record abundantly supports its findings and its decree.

The contention of the plaintiff with respect to the alleged failure of the evidence to identify the policies of insurance as those mentioned in the will of the insured is not well made. They are the only policies which insured held with the defendant company found among her effects or otherwise shown to have existed. They are payable to her estate, for the reason that they are not required to be paid to any other person. When such is the case, they are payable to the estate and can be required to be paid only by the executor thereof. The plaintiff, as the named beneficiary in them, has no interest in the same, upon which payment can be enforced. It is unnecessary that any change of beneficiary should have been made by the insured, after having named him as such, in order to have eliminated him. As stated above, he took no interest in said policies as such named beneficiary. The estate of the insured was at all times the legal beneficiary. As assets of her estate, the insured had the right, by will, to pass the proceeds thereof to such legatees as she named therein. However, such gift would be subject to the payment of her debts and other expenses, not only under the provisions of her will but under the express direction of the law.

There was no error upon the trial in permitting evidence showing the condition of the estate of the insured, her indebtedness, or the claims being asserted against her estate.

Neither was there error in permitting evidence to show the relations existing between plaintiff and the insured and to show that he had not contributed in later years, except in a meager way, to her necessities.

Neither was there any error in permitting evidence to show, or tending to show, the necessities of the insured and her need of assistance from others in order to meet such necessities. Neither was there any

error with respect to permitting evidence showing the divorcement by insured of the plaintiff or the admission in evidence of the divorce decree. All such evidence was competent, as bearing upon the issues in the case and searching out the equities from which it might be determined whether any existed in plaintiff's favor or otherwise.

By reason of plaintiff's desertion and abandonment of the insured during her life for a period of one year and over, as found by the court in the divorce proceeding, he, by reason of section 337, Revised Statutes 1929, lost all right to claim any part of the proceeds of the insurance policies as a part of her estate.

We have sufficiently disposed of all the contentions advanced by plaintiff and find no merit in any of them.

The plaintiff, having no legal or equitable right in the proceeds of the insurance or to maintain this action therefor, is not interested in the disposition of the insurance made by the decree of the court. The decree of the court was just and right. There was no error therein. It should be affirmed. It is accordingly so ordered. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.