HARRY C. ROHDE, ADMINISTRATOR C. T. A. OF THE ESTATE OF CAROLINE ROHDE, DECEASED, APPELLANT, v. METROPOLITAN LIFE INSURANCE COMPANY, A CORPORATION, RESPONDENT.—111 S. W. (2d) 1006.

St. Louis Court of Appeals. Opinion filed December 7, 1937.

Rehearing denied January 19, 1938.

*Fordyce, White, Mayne, Williams & Hartman* for respondent.

*Harry Cole Bates* of counsel.

*H. C. Whitehill* and *George F. Johnson* for appellant.

SUTTON, C.—This is a suit on nine policies of industrial insurance, issued by defendant company on the life of Caroline Rohde; brought by plaintiff as administrator c. t. a., to recover $1167.55, the aggregate amount of the policies. There is in each of the policies a facility of payment clause.

In one of the policies the facility of payment clause is as follows:

"The company may pay this policy to either the executor or administrator, husband or wife, or any relative by blood, or lawful beneficiary, of the insured, and the production by the company of the policy and a receipt in full, signed by either of them, shall be conclusive evidence that all claims upon said company under this policy have been fully satisfied."

In each of the other policies the facility of payment clause is as follows:

"The company may pay the amount due under this policy to either the beneficiary named below or to the executor or administrator, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons shall be conclusive evidence that all claims under this policy have been satisfied."

The petition pleads the issuance of the policies, the death of the insured while the policies were in force, the making of due proofs of death, and the plaintiff's appointment and qualification as administrator c. t. a. of the insured's estate.

The answer alleges that Caroline Durfield, a daughter of the insured, made due proofs of the death of the insured and established that she was the person equitably entitled to receive the proceeds of the policies, and that defendant paid to said Caroline Durfield the amount due on the policies, and that upon receipt of said payment the said Caroline Durfield released and forever discharged defendant from any and all manner of claims and demands whatsoever arising under said policies.

It is admitted that upon the death of the insured the defendant paid to Caroline Durfield, a daughter of the insured, the amount due on the policies.

The insured upon her death left surviving her four children, Harry C. Rohde, the plaintiff, Frederick Rohde, Emma Gunn, and

Caroline Durfield. She made a will, which was duly admitted to probate, whereby she directed that all her just debts and funeral expenses be paid as soon as possible after her demise, devised and bequeathed to Harry C. Rohde her real estate and improvements thereon known as 4940 Spalding Avenue, in the City of St. Louis, all tools, implements, stock on hand, moneys, and all other property employed in her automobile radiator, supply, accessory, and repair business, conducted at No. 4135 Olive Street, in the City of St. Louis, directing that before either said devise or bequest should be paid to him he should be required to pay to Emma Gunn $1000 and to Caroline Durfield $500, bequeathed to Frederick Rohde $100, bequeathed to Emma Gunn her household goods, and bequeathed any life insurance payable at her death to Emma Gunn and Caroline Durfield, to be divided equally between them.

Plaintiff testified that the insured at the time of her death resided with him at 4940 Highland Avenue; that neither his sisters nor brother resided at the home of his mother at the time of her death; that his sisters and brother were married and living in their separate homes; that shortly after his mother died he made application to the probate court for his appointment as administrator c. t. a., having previously received the consent of his sisters and brother that he should be administrator c. t. a.; that after filing said application he had a conversation with Mr. Bender, the man who had been collecting the premiums on the policies for several years; that he told Mr. Bender that he had been appointed administrator of the estate, and that Mr. Bender told him that the check for the insurance policies would be paid to him in person; that it would be paid to him in view of the fact that he was administrator; that about a week or ten days after this conversation the check was paid to his sister, at which time his application was pending in the probate court for his appointment as administrator; that he was not present when the representatives of the insurance company called at his home and received the policies and premium receipt books; that his sister telephoned him at his house one evening, and said that she wanted to come down and settle this thing, and that she came down with her husband and showed him the check she had gotten from the defendant; that he had never communicated with any representative of the insurance company after that time; that he had not paid the funeral bill of his mother because he had no funds with which to pay it; that the funeral bill was a claim allowed against the estate of his mother; that his mother had a business at the time of her death, the F. C. Rohde Radiator Company; that the business was located at 4135 Olive Street; that he was operating the business for his mother; that both his sisters testified in the Probate Court that they had divided the proceeds of the money they had received from the defendant; that his sister Caroline Durfield

gave him a check for $194.44; that the check his sister gave him for $194.44 was used to meet a payroll and miscellaneous bills which had accumulated at the time of his mother's death in connection with her radiator business.

It was shown that there was allowed against the estate of the insured by the Probate Court $456.40 for funeral expenses, which allowance had not been paid at the time of the trial.

The value of the insured's estate was not shown.

The cause was tried to a jury. At the instance of defendant the court gave an instruction in the nature of a demurrer to the evidence. Pursuant thereto, the jury returned a verdict in favor of defendant, and judgment was given accordingly. Plaintiff appeals.

Plaintiff assigns error here for the giving of defendant's instruction in the nature of a demurrer to the evidence.

One of the purposes of a facility of payment clause, such as the clauses with which we are here concerned, is to afford a ready method of raising money for the benefit of the insured either to furnish him medical assistance in his last illness or to pay his funeral expenses. Another purpose is to enable the money to be paid speedily after insured's death without the delay or expense of taking out administration. Still another purpose is to remove the chance of litigation between claimants, and to protect the company against erroneous payment in good faith. The clause has been upheld by the courts as valid, and is regarded by them with favor. Within certain limits, the facility of payment clause confers on the company an option as to whom it will make payment. If the company exercises its option and makes payment in good faith to a person within the classes named in the clause, it is protected and is liable to no one else. So if the clause authorizes payment to either the beneficiary, the executor or administrator, or a relative of insured, it is in effect an appointment of the persons described, any one of whom is authorized to receive payment in satisfaction of the company's liability. [Jackson v. Metropolitan Life Ins. Co. (Mo. App.), 294 S. W. 453; Clarkston v. Metropolitan Life Ins. Co. (Mo. App.), 176 S. W. 437.]

There is no evidence in this case showing or tending to show bad faith on the part of the defendant in making payment to the insured's daughter. Suits upon claims of this sort on industrial policies ought not be unduly encouraged. To do so would in a large measure defeat the commendable purpose of the facility of payment clause. It would almost inevitably result in promoting conflicting claims under this sort of policies, and in compelling insurers to resort to bills of interpleader to protect themselves against payment of the insurance twice, or maybe thrice, and thus delay the payment of the insurance indefinitely, and consume the insurance with the costs and expenses of litigation, as the conflicting claimants quarrel over

their respective claims. The facility of payment clause was intended to serve a better purpose. The discretion of the insurer in making payment under policies of this sort ought not be interfered with by the courts except upon a clear showing of bad faith. [Longley v. Metropolitan Life Ins. Co. (Mo. App.), 48 S. W. (2d) 74; Plummer v. Metropolitan Life Ins. Co. (Mo. App.), 81 S. W. (2d) 453.]

Defendant having made payment to a person to whom it was expressly authorized to make payment, that is, to a "relative by blood," the burden was on plaintiff to show that the payment was made in bad faith. There being no evidence of bad faith there was no issue for the jury, and the instruction in the nature of a demurrer to the evidence was rightly given. .

There is no merit in the suggestion that the promise of defendant's agent to make payment of the policies to plaintiff constituted a present election to make payment to plaintiff which was binding on defendant. There was no consideration whatever for the promise, nor was there any element of estoppel shown [Jackson v. Metropolitan Life Ins. Co. (Mo. App.), 294 S. W. 453.]

Plaintiff complains that the court committed error in admitting in evidence the provisions of the insured's will. The complaint is put on the ground that the will is not pleaded. We regard the complaint as without substantial merit. The provisions of the will are admissible because evidentiary of an ultimate fact pleaded. It is neither necessary nor proper to plead evidentiary facts. [Banks v. Morris & Co., 302 Mo. 254, 257 S. W. 482; Petersen Oven Co. v. Cap Sheaf Bread Co. (Mo. App.), 21 S. W. (2d) 219.]

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Hostetter, P. J.,* and *Becker* and *McCullen, JJ.,* concur.

### ON MOTION FOR A REHEARING.

SUTTON, C.—Plaintiff insists, on motion for a rehearing, that under the facility of payment provisions contained in the policies in suit, it was incumbent on defendant to show that the daughter of the insured to whom it elected to pay the amount due under the policy had incurred expense on behalf of the insured or for her burial. ·

It will be observed that the facility of payment provision contained in one of the policies gives no option to pay to any person other than the executor or administrator, husband or wife, or relative by blood, or lawful beneficiary, and does not require that any person to whom payment is made must have incurred expense on behalf

of the insured or for her burial. That provision therefore need not be further noticed.

The facility of payment provision contained in the other policies consists of three independent clauses, making the amount due under the policies payable (1) to the beneficiary named in the policy, or (2) to the executor or administrator, husband or wife, or any relative by blood, or connection by marriage of the insured, or (3) to any other person appearing to the company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for her burial. It was in the discretion of the company to make payment under any one of these clauses. It elected to make payment to a relative by blood, the daughter of the insured. If the company acted in good faith in so doing, the receipt of the daughter is conclusive and a complete defense. If the company had elected to make payment under the third clause, it would have been incumbent on it to show that the person to whom payment was made appeared to the company to be equitably entitled to payment by reason of having incurred expense on behalf of the insured, or for her burial. If a relative by blood, to be entitled to take as a beneficiary, must have incurred expense on behalf of the insured or for her burial, why should a relative by blood be mentioned at all? If that were so, such a relative would be put in the same class with a stranger, and, like a stranger, would take, and take only, under the third clause.

Plaintiff places much reliance on Sylvester v. Metropolitan Life Ins. Co. (Mich.), 238 N. W. 234. In that case the company made payment not to a relative by blood, but to an utter stranger, to the exclusion of the wife and relatives. The policy provided that the amount due under the policy should be paid to the executor or administrator of the insured unless payment was made under the facility of payment clause. On this policy the administratrix was held entitled to recover, notwithstanding the company had elected to make payment to a stranger. Clearly, that is not this case.

In McCarthy v. Metropolitan Life Ins. Co. (Mo. App.), 90 S. W. (2d) 158, the policy provided for the payment of the amount due on the policy to the executor or administrator of the insured unless the company should exercise the right or option to make payment under the facility of payment clause. The company made payment to the administratrix. This court held such payment was a complete defense against the suit of the insured's mother. Clearly that is not this case.

Plaintiff, contrary to his former contention that the will of the insured was irrelevant and improperly admitted in evidence, now appears to contend that this insurance was by the will of the insured bequeathed to her two daughters, and that under the will the administrator, c. t. a. is entitled to the insurance. However, we are

not persuaded that plaintiff is entitled to recover under the facts of this case. If the company had in the exercise of its discretion elected to make payment of the insurance to the administrator, c. t. a., it would then have unquestionably become an asset of the insured's estate, and as such would have passed to the two daughters of the insured under her will. The evidence shows, without dispute in the record, that the two daughters have received each one-half of the insurance. Plaintiff contends, however, that as administrator, c. t. a., he is entitled to recover the insurance so that it may be subjected to the payment of the debts of the insured. We must here be reminded that the bequest of the insurance, if it passes under the will, is a specific legacy, and as such is not subject to the payment of debts, and may not be touched for that purpose, until the assets of the estate not specifically bequeathed are exhausted. Plaintiff has shown no claims allowed against the estate except the claim for funeral expenses. He stated that this bill had not been paid because he had no funds to pay it with. Yet he does not show the value of the estate nor of what it consists. The will shows that the insured was possessed of both real estate and personal property. The value of this real estate and personal property is not shown. What other property or effects she owned is not shown. She specifically bequeathed the insurance to her daughters without charging it with the payment of her debts. Plaintiff now insists upon a recovery of the insurance, without any showing that the other assets of the estate available for the payment of funeral expenses, are not amply sufficient for that purpose. Obviously, so far as the evidence shows, the only object to be accomplished by this suit is to bring the insurance into the estate of the insured in order that it may be paid over to the two daughters, under the will, who have already received the full amount of the policies.

As we have said in our original opinion, we repeat, that since defendant made payment to a person to whom it was expressly authorized to make payment, that is, to a relative by blood, the burden was on plaintiff to show that the payment was made in bad faith, and there being no evidence of bad faith there was no issue for the jury, and the instruction in the nature of a demurrer to the evidence was rightly given.

The Commissioner recommends that the motion for a rehearing be overruled.

PER CURIAM:—The foregoing opinion of Sutton, C., is adopted as the opinion of the court. The motion for a rehearing is accordingly overruled. *Hostetter, P. J.,* and *Becker* and *McCullen, JJ.,* concur.